# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GABRIELA A. MAGNUSSEN** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Cause No. 3:17-cv-02102** |
| **MARLENE SCOTT BELCHER, and** | § | |
| **SCHNEIDER NATIONAL CARRIERS,** | § | |
| **INC.** | § | |

### INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

      Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action.

                      Respectfully Submitted,

                      **FEE, SMITH, SHARP & VITULLO, L.L.P.**

                      */s/ Michael P. Sharp*

                      _____

                      **MICHAEL P. SHARP**
                      State Bar No. 00788857
                      Email:  msharp@feesmith.com
                      **JASON A. BURRIS**
                      State Bar No. 24049591
                      Email:  jburris@feesmith.com
                      Three Galleria Tower
                      13155 Noel Road, Suite 1000
                      Dallas, TX  75240
                      (972) 934-9100
                      (972) 934-9200 (Fax)

                      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gina Giblin
Law Office of Domingo Garcia, P.C.
400 S. Zang Blvd.
6th Floor, Suite 600
Dallas, TX  75208
E-Service:  dallasoffice@dgley.com

*/s/ Michael P. Sharp*

_____

**MICHAEL P. SHARP**

## INDEX

08/09/17      Docket Sheet

06/26/17      Plaintiffs' Original Petition with Discovery Requests

06/29/17      Citation for Service on Defendant Schneider National Carriers, Inc.

06/29/17      Citation for Service on Defendant Marlene Scott Belches

07/25/17      Officers Return - Service on Defendant Schneider National Carriers, Inc.

07/28/17      Return of Service - Service on Defendant Marlene Scott Belches

08/08/17      Defendants' Original Answer

# Case Information

DC-17-07579 | GABRIELA A MAGNUSSEN, vs. MARLENE SCOTT
BELCHES, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-07579 | 192nd District Court | SMITH, CRAIG |
| File Date | Case Type | Case Status |
| 06/26/2017 | MOTOR VEHICLE ACCIDENT | OPEN |

# Party

**PLAINTIFF**
MAGNUSSEN,, GABRIELA A.

Address
400 S. ZANG BLVD SUITE 600
DALLAS TX 75208

Active Attorneys▾
Lead Attorney
GIBLIN, GINA
LYNN
Retained

Work Phone
214-941-8300

Fax Phone
214-943-7536

---

**DEFENDANT**
SCHNEIDER NATIONAL CARRIERS, INC

Address
BY SERVING ITS REGISTERED AGENT CT
CORPORATION
1999 BRYAN ST STE 900
Dallas TX 75201

Active Attorneys▾
Lead Attorney
SHARP, MICHAEL
PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

---

**DEFENDANT**
BELCHES, MARLENE SCOTT

Active Attorneys▾
Lead Attorney

Address:
308 Old PENCIL MILL RD.
CHAPEL HILL TN 37034

SHARP, MICHAEL
PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

## Events and Hearings

06/26/2017 NEW CASE FILED (OCA) - CIVIL

06/26/2017 ORIGINAL PETITION ▾

POP and RFD.pdf

06/26/2017 ISSUE CITATION

06/26/2017 ISSUE CITATION COMM OF INS OR SOS

06/29/2017 CITATION ISSUED ▾

DC-17-07579.pdf

DC-17-07579COH.pdf

06/29/2017 CITATION SOS/COI/COH/HAG▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
07/28/2017

06/29/2017 CITATION▾

Anticipated Server
ESERVE

Actual Server
PRIVATE PROCESS SERVER

Returned
07/25/2017

---

07/25/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
CITATION-SCHNEIDER NATIONAL CARRIERS, INC

---

07/28/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
CITATION-MARLENE SCOTT BELCHES

---

08/08/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFs Original Answer (8.8.17).pdf

---

## Financial

MAGNUSSEN,, GABRIELA A.

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $307.00 |
| Total Payments and Credits | | | | $307.00 |

| | | | | |
|---|---|---|---|---|
| 6/28/2017 | Transaction Assessment | | | $307.00 |
| 6/28/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 40434-2017-DCLK | MAGNUSSEN,, GABRIELA A. | ($307.00) |

## Documents

POP and RFD.pdf

DC-17-07579.pdf

DC-17-07579COH.pdf

RETURN OF SERVICE

RETURN OF SERVICE

DEFs Original Answer (8.8.17).pdf

FILED
DALLAS COUNTY
6/26/2017 1:42 PM
FELICIA PITRE
DISTRICT CLERK

1-COH-E-SERVE

1 CT-E-SERVE

Freeney Anita

CAUSE NO. DC-17-07579

| | |
|---|---|
| GABRIELA A. MAGNUSSEN, **Plaintiff**, | § IN THE DISTRICT COURT |
| | § |
| | § |
| **vs.** | § |
| | § _____ JUDICIAL DISTRICT |
| | § |
| MARLENE SCOTT BELCHES AND SCHNEIDER NATIONAL CARRIERS, INC., **Defendants.** | § |
| | § |
| | § DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME GABRIELA A. MAGNUSSEN ("Plaintiff"), complaining of and against

MARLENE SCOTT BELCHES and SCHNEIDER NATIONAL CARRIERS, INC. ("Defendants"),

and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff submits this action under Discovery Control Plan Level II, per Rule 190.3 of the

Texas Rules of Civil Procedure.

### II. RELIEF

Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

### III. JURISDICTION

The Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this

Court.

### IV. VENUE

All or a substantial part of the events giving rise to this claim occurred in Dallas County,

therefore venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1) and § 15.005.

## V. SERVICE

Plaintiff GABRIELA A. MAGNUSSEN is an individual domiciled in Denton, Texas.

Defendant, MARLENE SCOTT BELCHES, an individual who is a nonresident of Texas and whose home is located at 308 Old Pencil Mill Rd., Chapel Hill, TN 37034, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as defendant's agent for service because defendant was a party to a collision or accident while operating a motor vehicle in Texas. **Issuance of citation is requested at this time**

Defendant SCHNEIDER NATIONAL CARRIERS, INC., is a corporation that may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201. **Issuance of citation is requested at this time.**

Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Plaintiff through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## VI. JURY DEMAND

Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## VII. CAUSE OF ACTION

On or about October 26, 2015, Plaintiff was driving on the proximity of I- 30 Highway, and the intersection of exit I- 635 highway, on the far right lane, when Defendant, who was driving a

semi-trailer truck on the left lane next to Plaintiff, started to unsafely marge into Plaintiff's lane and violently collided with Plaintiff's vehicle on its driver's side . As a result of such impacts Plaintiff sustained personal injuries and damages. At all times Defendants failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstances. Such failures constituted the negligence that proximately caused Plaintiff's injuries and damages.

### VIII . DEFENDANT MARLENE SCOTT BELCHES'S NEGLIGENCE

Defendant MARLENE SCOTT BELCHES failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstance and said failure constituted negligence. Among other things Defendant committed the following acts of negligence:

A.  She failed to pay attention or drove inattentively;

B.  She failed to properly look out;

C.  She failed to control her speed;

D.  She failed to apply the breaks or applied her breaks in an untimely manner;

E.  She failed to take evasive maneuvers or took faulty evasive maneuvers; and

F.  She failed to do what a reasonable prudent person would have done or not have done under the same or similar circumstances .

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff's personal injuries and damages that are described further below.

### IX . DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.'S NEGLIGENCE

### (A) Vicarious Liability

At all times relevant to the incident in question Defendant MARLENE SCOTT BELCHES was Defendant SCHNEIDER NATIONAL CARRIERS INC.'S employee, and acting within, and

in furtherance of, his employer's business. Therefore, Defendant SCHNEIDER NATIONAL CARRIERS INC. is vicariously liable for Defendant MARLENE SCOTT BELCHES's negligence under the doctrine of respondeat superior.

### (B) Negligent Entrustment

Defendant SCHNEIDER NATIONAL CARRIERS INC failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstance and said failure constituted negligence by negligently entrusting its vehicle to Defendant MARLENE SCOTT BELCHES when it knew, or should have known, that Defendant MARLENE SCOTT BELCHES was an unfit or incompetent driver. Defendant SCHNEIDER NATIONAL CARRIERS INC.'s entrustment was also a proximate cause of the incident in question and Plaintiff's injuries and damages.

### (C) Negligent Hiring, Training, Retention and Supervision

Defendant SCHNEIDER NATIONAL CARRIERS INC. failed to perform adequate background checks on Defendant MARLENE SCOTT BELCHES to determine MARLENE SCOTT BELCHES's fitness to drive SCHNEIDER NATIONAL CARRIERS INC.'s tractor trailers. It also failed to adequately train MARLENE SCOTT BELCHES on safe driving. Moreover, it failed to properly supervise MARLENE SCOTT BELCHES's hours of operation, competency as driver, and compliance with safety policies and procedures. Furthermore, if retained MARLENE SCOTT BELCHES as tractor trailer driver despite MARLENE SCOTT BELCHES's unfitness, lack of training and noncompliance with safety polices and procedures. Thus, Defendant SCHNEIDER NATIONAL CARRIERS INC. failed to act with the ordinary care that a person of ordinary prudence would have acted under same or similar circumstances. Such failure constituted negligence and said negligence was also a proximate cause of the incident in question and Plaintiff's personal injuries

and damages.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff' personal injuries and damages that are described further below

## X . EXEMPLARY DAMAGES

Plaintiff injuries resulted from Defendants' gross negligence, which entitle Plaintiff to exemplary damages under Tex. Civ. P. & Rem. Code § 41.003(a). At the time of the occurrence in question, Defendants' inattentive driving, speed, and failure to maintain a clear assured following distance, coupled with Defendant's disregard for basic rules of the road, including, constituted gross negligence in that such acts and/or omissions, when viewed from Defendants' standpoint, involved an extreme degree of risk to drivers and travelers in Dallas County roads, including the risk of severe bodily injury and death to the public, and Plaintiff. Moreover, Defendants had actual awareness that the above acts and/or omissions were increasingly probable due to Defendants' inattention. Nonetheless, and despite Defendants' actual subjective awareness of the risk his grossly negligent driving imposed upon other drivers, travelers and the public in general, Defendants proceeded to drive in such grossly negligent manner with in conscious and blunt disregard to the rights, safety and welfare of others. Consequently, Plaintiff seek exemplary damages and hereby give notice to Defendants that they will seek to prove the above allegations by clear and convincing evidence.

## XI . DAMAGES

As a result of Defendants' negligence, Plaintiff suffered painful and debilitating bodily injuries . Thus, they have incurred reasonable and necessary medical expenses in excess of $25,617.86. In reasonable probability Plaintiff will incur additional necessary and reasonable expenses medical expenses in connection with their injuries in this case . Moreover, Plaintiff has

experienced, and continues to experience physical pain, mental anguish, and physical impairment, and loss of earnings capacity that have interfered with Plaintiff' activities of daily life, leisure and their enjoyment and quality of life.

## XII. REQUESTS FOR DISCLOSURE TO DEFENDANT

Plaintiff requests that Defendant disclose the information and material described in TEX. R. CIV. P. 194.2 (a) - (l). In addition to the materials requested in TEX. R. CIV. P. 194.2, Plaintiff requests that Defendants disclose all documents, electronic information, and tangible items that are in Defendant's possession, custody, or control and may use to support its claims or defenses. Defendant's responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Blvd., Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiff also requests that the Defendant supplements his responses to this Requests for Disclosure, as provided by TEX. R. CIV. P. 192, 193, and 194.

## XIII. NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendant that he intends to use all discovery products, responses, and documents exchanged and produced between the parties and as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XIV. PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

    a.    Monetary compensation for past medical expenses in excess of $25,617.86.

    b.    Monetary compensation that, in reasonable medical probability Plaintiff will incur in the future;

c.      Mental anguish in the past and future;

d.      Physical pain and suffering in the past and future;

e.      Physical impairment in the past and future;

f.      Monetary damages for past and future permanent disfigurement;

g.      Pre and post judgment interest at the maximum legal rate;

h.      Costs of Court; and

i.      Permanent disfigurement for the past and future;

j.      Lost-wages and loss of earning capacity;

k.      Property damage and for Loss of Use;

l.      Such other and further relief, at law or in equity, to which Plaintiff may be justly
         entitled.


Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**


By:     /s/ Gina Giblin
         Gina Giblin
         State Bar No. 00787532
         400 S. Zang Blvd.
         6th Floor Suite 600
         Dallas, Texas 75208
         Telephone:     (214) 941-8300
         Facsimile:      (214) 943-7536
         E-Service: dallasoffice@dgley.com
         ggiblin@dley.com


**ATTORNEYS FOR PLAINTIFF**

CAUSE NO._____

| | | |
|---|---|---|
| GABRIELA A. MAGNUSSEN, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | ____ JUDICIAL DISTRICT |
| | § | |
| MARLENE SCOTT BELCHES AND | § | |
| SCHNEIDER NATIONAL CARRIERS, INC., | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY
## TO DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

TO:   Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is a corporation that may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201, or wherever defendant may be found.

**NOW COMES,** Plaintiff, GABRIELA A. MAGNUSSEN, in the above-styled and numbered cause, by and through his attorney of record, GINA L. GIBLIN, The Law Office of Domingo Garcia, P.C., and propound the following interrogatories, requests for production, and requests for admissions, to be answered by Defendant Defendant, SCHNEIDER NATIONAL CARRIERS, INC., such answers to include all of the information called for by such requests and interrogatories. These discovery requests are propounded pursuant to Rules 192, 193, 196, 197 and 198 of the Texas Rules of Civil Procedure and such requests and/or questions shall be answered separately, fully in writing and under oath, in fifty (50) days from the date of service hereof. Any objections to such requests and/or questions shall be made within fifty (50) days from the date of service hereof. Plaintiff will also requests that the Defendant continue to supplement answers to these requests and/or questions, as provided by Rules 192, 193, 196, 197, and 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**LAW OFFICE OF DOMINGO GARCIA, P.C.**

By:    /s/ Gina L. Giblin
        Gina L. Giblin
        State Bar No. 00787532
        Email: ggiblin@dgley.com
        E-Service: Dallasoffice@dgley.com

400 S. Zang Blvd.
6th Floor, Suite 600
Dallas, Texas 75208
Telephone: (214) 941-8300
Facsimile: (214) 943-7536

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS

"Plaintiff", as used herein, shall refer to GABRIELA A. MAGNUSSEN, and his respective agents, representatives, or anyone acting on his behalf.

The terms "Defendant," "you" or "your," as used herein, shall refer to SCHNEIDER NATIONAL CARRIERS, INC., and its agents, representatives or anyone acting on its behalf.

The "date" referred to in the following requests and questions is OCTOBER 26, 2015;

The "accidental injury","incident", and/or "accident" referred to in the following is the collision occurring on OCTOBER 26, 2015, involving a 2016 Freightliner Semi trailer that is owned by SCHNEIDER NATIONAL CARRIERS, INC., and operated by Defendant MARLENE SCOTT BELCHES, and which is the basis of this suit, as set forth in Plaintiff's Original Petition.

The "trailer", "truck" and/or "vehicle", as used herein, refers to the a 2016 Freightliner Semi trailer being driven and owned by Defendant MARLENE SCOTT BELCHES on the date of the incident forming the basis of Plaintiff's Original Petition.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

"Communication" means any oral, written, printed documentary, or electronic transfer of information. "Statement" means:

1.    Any written or graphic statement made, recorded, signed, or otherwise adopted or approved by the person making it; and

2.    Any stenographic, mechanical, electronic or other type of recording, or any transcription thereof which is a substantially verbatim recital in whole or part of an oral statement by the person making it and contemporaneously recorded.

"Documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, photographs, diagrams, sound recording films, tapes, and information stored in, or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For the purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills; statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, diagrams, and drawings; check registers; checkbooks; circulars, collateral files and contents; credit files and contents; contracts; corporate by-laws and amendments; corporate charters and amendments; correspondence; shareholders meetings minutes; directors meeting minutes; officers meetings minutes; committee meetings minutes; deed of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face to face communications and conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or

recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; prepared statements; interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, tests plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes and other records and recordings of any conferences, telegrams, teletypes, and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the litigation. These terms also include any communication passing between your agents, attorney, representatives, or employees, whether or not made in connection with this specific claim or the investigation of the occurrence or transaction out of which this claim has arisen. If any document requested was not, is no longer, in your possession or control or is no longer in existence state whether it is:

1.      Missing or lost;
2.      Destroyed and, if so, what person and when;
3.      Transferred voluntarily or involuntarily to other, and if so, to whom; or
4.      Otherwise disposed of any, if so, by what person and when.

In each instance, explain the circumstances surrounding every such deposition thereof, state the approximate date thereof, and describe the contents of the information disposed of Identify" and

"Identity" are to be used as follows:

1.      When used in reference to a person, "identify" or "identification" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

2.      When used in reference to a public or private corporation, governmental entity,

partnership or association, "identify" or "identification" means to state its full name,

present or last known business address or operating address, and the name of the

person primarily responsible for its activities and that person's identity.

3.      When used in reference to a document, "identify" or "identification" shall include a
        statement of the following:

(a)     the title, heading or caption, if any of every such document;

(b)     whether the document exists;

(c)     all attachments to the document;

(d)     the contents of the document;

(e)     the identifying number(s), letter(s), or combinations thereof, if any; and the
        significance of or meaning of such number(s), letter(s), or combination thereof, if
        necessary to an understanding of the document and evaluation of any claim of
        protection from discovery;

(f)     the date appearing on such document, if no date appears thereon, the answer shall so
        state and whenever possible shall give the date or approximate date on which such
        document was prepared.

(g)     the number of pages and the general nature or description of such document (i.e.,
        whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient
        particularity so as to enable such document to be precisely identified;

(h)     the name and capacity of the person who authorized or signed such document; if it
        was not signed, the answer shall so state and shall give the name of the person or
        persons who prepared it;

(i)     the name and capacity of the person to whom such document was addressed and the
        name and capacity of such person, other than such addressee, to whom such
        document, or a copy thereof, was sent; and

(j)     the physical location of the document and the identity of its custodian or custodians.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

**INTERROGATORY NO. 1:**

Please provide the specific identity (by complete name, present physical address, and telephone number) of MARLENE SCOTT BELCHES or any other individual who was operating 18 wheeler , which was involved in a collision with Plaintiff GABRIELA A. MAGNUSSEN's vehicle on October 26, 2015, and  is the basis of this suit.

**RESPONSE:**

**INTERROGATORY NO. 2**

What is the relationship between Defendant MARLENE SCOTT BELCHES and Defendant SCHNEIDER NATIONAL CARRIERS, INC. in this cause of action?

**RESPONSE:**

**INTERROGATORY NO. 3:**

Please state the names, address, and phone numbers of Defendant's agents/employees and/or representatives who first authorized Defendant MARLENE SCOTT BELCHES to drive the vehicle which was involved in the accident that made the basis of this suit.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Please state whether, prior to authorizing Defendant MARLENE SCOTT BELCHES to operate the 18-wheeler truck involved in the accident, whether Defendant and/or its agents, engaged in any inquiry to determine the driver's physical and/or mental condition and fitness to operate the vehicle the nature of Defendant MARLENE SCOTT BELCHES's driving ability; and if so then,

(a)     Please describe the inquiry Defendant's representatives, servants and/or agents undertook.

(b)     Please identify each person who has knowledge of any fact relating to the inquiry.

(c)     Please identify each writing relating to the inquiry.
(d)     Please identify the present custodian of any writing relating to the inquiry.

    (e)    Please state each reason why you did not engage in any inquiry regarding the driving ability of Defendant MARLENE SCOTT BELCHES.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Please state whether, prior to authorizing Defendant MARLENE SCOTT BELCHES to use your vehicle, did Defendant, its representatives, servants, and/or agents undertake any inquiry to determine the existence of any medical condition which might preclude Defendant MARLENE SCOTT BELCHES from safely operating a motor vehicle; and if so then,

    (a)    Please describe the inquiry, you and/or your representatives, servants and/or agents undertook.

    (b)    Please identify each person who has knowledge of any fact relating to the inquiry.

    (c)    Please identify each writing relating to the inquiry.

    (d)    Please identify the present custodian of any writing relating to the inquiry.

    (e)    Please state each reason why you did not engage in any inquiry regarding the medical condition, which might preclude the driving ability of Defendant MARLENE SCOTT BELCHES.

**RESPONSE:**

**INTERROGATORY NO. 6:**

State when you first employed Defendant MARLENE SCOTT BELCHES, and how long said Defendant had been an employee.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Describe in detail what damage, if any, was done to your vehicle that Defendant MARLENE SCOTT BELCHES was operating and which was involved in this accident, drove in this accident, and give the cost of repair to such vehicle.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Describe in detail what injuries, if any, Defendant MARLENE SCOTT BELCHES, received in the accident and if said driver missed any work with you post-accident.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the accident.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Describe any criminal record Defendant MARLENE SCOTT BELCHES may have, including the nature of the charge, date and place of arrest, and conviction, if any. (This Interrogatory is intended to include traffic or moving vehicle violations.)

**RESPONSE:**

**INTERROGATORY NO. 11:**

State the name and address of any person who has photograph of any person, place or thing which is relevant and material to the accident and describe what the photograph show.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Please state the name of the individual who gave Defendant MARLENE SCOTT BELCHES the authority to drive the vehicle leased by Defendant on October 12, 2015

**RESPONSE:**

**INTERROGATORY NO. 13:**

Please state whether you lent/leased/rented the vehicle to Defendant MARLENE SCOTT BELCHES on the date of the accident. Within your response, specifically describe any ownership and/or leasing arrangement of the vehicle.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

### REQUEST FOR ADMISSION NO. 1:

Admit or deny that on October 26, 2015, an accident occurred involving a tractor trailer operated by Defendant MARLENE SCOTT BELCHES, and a vehicle operated by Plaintiff GABRIELA A. MAGNUSSEN.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit or deny that on October 26, 2015, at the time of the accident in question, the vehicle being driven by Defendant MARLENE SCOTT BELCHES was owned by you.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit or deny that Defendant MARLENE SCOTT BELCHES did not sound the horn prior to the accident in question.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit or deny that Defendant MARLENE SCOTT BELCHES did not make an evasive move to avoid the collision with Plaintiff's vehicle on October 26, 2015

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit or deny that Defendant did not provide any driver's education, driver's safety or other comparable safety or driver's education course to Defendant MARLENE SCOTT BELCHES at any time during Defendant MARLENE SCOTT BELCHES's period of employment.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:

Admit or deny that Defendant did not review the driving record and criminal record of

Defendant MARLENE SCOTT BELCHES, prior to permitting Defendant MARLENE SCOTT BELCHES to operate the vehicle under the control of Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that Defendant, its servants, agents and/or representatives failed to train Defendant MARLENE SCOTT BELCHES on the safe use of the vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that Plaintiff sustained serious injuries as a result of this accident that occurred on October 26, 2015

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that the accident made the basis of this lawsuit was caused by the negligence of Defendant MARLENE SCOTT BELCHES.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that Defendant MARLENE SCOTT BELCHES was authorized to use/operate the vehicle under the control of Defendant on the date of the accident which is the basis of this cause of action.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that Defendant was the lessee of, and therefore responsible for the vehicle operated by Defendant MARLENE SCOTT BELCHES on October 26, 2015, which is the basis of this litigation.

**RESPONSE:**

**REQUEST FOR ADMISSION  NO. 12**:

Admit or deny that Defendant permitted and/or consented to Defendant MARLENE SCOTT BELCHES, operating the vehicle involved in the accident that made the basis of this cause, even though Defendant MARLENE SCOTT BELCHES was an incompetent driver.

**RESPONSE:**

**REQUEST FOR ADMISSION  NO. 13**:

Admit or deny that Defendant MARLENE SCOTT BELCHES was driving inattentively at all relevant times, and specifically moments before the collision that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION  NO. 14**:

Admit or deny that Defendant MARLENE SCOTT BELCHES was your employee on the date of the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION  NO. 15**:

Admit or deny that MARLENE SCOTT BELCHES, as named herein, was the individual operating the vehicle which was involved in the collision that makes the basis of this lawsuit.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## SCHNEIDER NATIONAL CARRIERS, INC.

**REQUEST FOR PRODUCTION NO. 1:**

A copy of any license, certification, and/or endorsement that Defendant MARLENE SCOTT BELCHES had at the time of the accident made the basis of this lawsuit. This request includes, but is not limited in any way to any commercial driver's license and standard driver's license, as well as any "haz-mat" endorsement and/or certification.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

A copy of the title to the vehicle Defendant MARLENE SCOTT BELCHES was driving at the time of the accident made the basis of this lawsuit, and any other document(s) identifying the make, model and year of purchase and/or date of lease of the truck involved in the accident that made the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

A copy of any photograph, the Defendant has actual or constructive possession of, depicting any of the vehicles involved in the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

A copy of any accident and/or investigation report prepared by Defendant, its agents, representatives, and/or any individual and/or business entity contracted to investigate the collision. If no report has been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

A copy of any damage appraisal made of the vehicle Defendant, MARLENE SCOTT BELCHES, was driving.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 6:

A copy of any drawing, map, sketch, photograph, and/or video, video of any nature of the scene of the accident made the basis of this lawsuit which has been made.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 7:

A copy of any accident location video and/or photograph that Defendant have of the accident location in question.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:

A true and correct copy of Defendant MARLENE SCOTT BELCHES' Social Security card.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:

. A copy of any rule, policy, procedure, instruction or similar written guidance within the control, custody or possession of Defendant MARLENE SCOTT BELCHES, as to the use of the vehicle leased to  Defendant, by its employee's agents or representatives.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 10:

A copy of any document evidencing repair work performed on the vehicle leased by Defendant, which was involved in the accident in question.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 11:

A true and correct copy of Defendant MARLENE SCOTT BELCHES personnel file; and any other document, files, record, or other written materials containing information of Defendant MARLENE SCOTT BELCHES' driving record, driving skills, driving training; and/or agreements, policies regarding the use/operation of Defendant' s vehicle. This includes all computer data and information.
## RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

A copy of any record secured by the use of any and all record obtained by an authorization signed by the Plaintiff or subpoenaed by the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

A list or privilege log of all document, video, photograph, or other materials withheld on the grounds of a legal privilege or objection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

A complete copy of any and all contract(s) and/or lease agreement(s), executed by Defendant, its agent(s), and/or representative(s), relating to the use, control, and/or operation of the vehicle driven by Defendant MARLENE SCOTT BELCHES on October 26, 2015, which was involved in the collision that made the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

A copy of any document reflecting any service, repair or alteration of the truck's computer device.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

A copy of any document reflecting any malfunctions of the truck's computer device.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

A copy of any document reflecting any malfunctions of the device mentioned in request 15 and 16 for the two years immediately preceding the accident that made the basis of this suit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 18:

A copy of any time cards documenting Defendant MARLENE SCOTT BELCHES' s hours for the time worked.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 19:

A copy of any file relating to the truck that was involved in the collision.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 20:

A copy of any document relating to any and all training received by Defendant MARLENE SCOTT BELCHES.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 21:

A copy of any log book relating in any way to Defendant's truck.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 22:

A copy of any document that will show where Defendant MARLENE SCOTT BELCHES was for the 48 hours before the accident made the basis of this lawsuit . This request includes, but is not limited to, log books, delivery tickets, bill of lading, loading slips, time cards, and/or credit cards.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 23:

A copy of any document that will show where Defendant MARLENE SCOTT BELCHES was for the 48 hours after the accident madc the basis of this lawsuit. This request includes, but is not limited to, log books, delivery tickets, bill of lading, loading slips, time cards, and/or credit cards on the date of the accident and immediately prior to the accident.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant's truck, including but not limited to information about date, time and rate of speed of such vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All reports of violations filed by Defendant MARLENE SCOTT BELCHES with any motor carrier, at any time, in compliance with Section 391.27(a) of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

A copy of any document constituting legal pleadings of claimants who have contended in a lawsuit, or claim, filed at any time that they have been injured, damaged or killed, in a accident with any vehicle owned or operated by Defendant (or its employee, agent or driver), and who have also claimed (by formal contention or otherwise) that the operator of Defendant's vehicle was ill or was fatigued or was operating in violation of Section 395.3 of the Federal Motor Carrier Safety Regulations, or had fabricated or falsified drivers' logs from 2008 through 2010.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A copy of any document comprising the driver qualification file for Defendant MARLENE SCOTT BELCHES, as defined by U.S. Department of Transportation regulations, including but not limited to 49 CFR §391.51.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any document comprising the owner's manual for Defendant's truck, as well as all documents from the manufacturer (or any component parts manufacturer) related to repair, maintenance, service bulletins, recall notices, or any other subject matter pertaining to the use, operation, repair or maintenance of Defendant's truck.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant's truck, including but not limited to information about date, time and rate of speed of such vehicle, the day before the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any report of violations against Defendant at any time, in compliance with Section 391.27(a) of the Federal Motor Carrier Safety Regulations, from 2008 through 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

A copy of any contract by Defendant with any persons, corporations, for the load the driver was carrying on the date of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

A copy of any document comprising of personnel record, including but not limited to the driver qualification file for Defendant MARLENE SCOTT BELCHES, as defined by U.S. Department of Transportation regulations, including but not limited to 49 CFR §391.51, that were generated by any predecessor company to Defendant or any previous employer in your actual or constructive possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

The number of any cell phone, and record of defendant driver on the date of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

A copy of any document produced pertaining to the maintenance of Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

A copy of any document constituting the computer report for the period of the last five (5) years for the truck involved in the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

A copy of any document comprising all billing record for all radios, or hand-held phones, portable or cellular phones or communication devices, owned by, given to or entrusted to Defendant MARLENE SCOTT BELCHES, for use in connection with his employment with Defendant for the period 2012 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

A copy of any document pertaining to the punch-clock, or time retention device used by the employees and drivers of Defendant to document the hours worked, hours in and out.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

A copy of any document comprising the driver's pre-trip and post-trip inspections of Defendant's truck, for the period 2012 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All manifests with Defendant MARLENE SCOTT BELCHES' notes reflecting the off-loading of cargo, or reflecting deliveries made by Defendant MARLENE SCOTT BELCHES, for the period 2012 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

A copy of any document comprising all routing instructions for Defendant MARLENE

SCOTT BELCHES, for the period of the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

A copy of any document constituting the driver's pre-trip and post-trip inspection reports for Defendant's truck for the period of the last five (5) years, regardless of which driver generated them.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

A copy of any document received by Defendant from any other  trucking company source, during the period of the last five (5) years  pertaining to Defendant's regulatory compliance with Department of Transportation regulations governing driving qualifications, training and safety.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

A copy of any document received by Defendant for the last past five (5) years or any other trucking company source, during the period for the last past five (5) years pertaining to any safety rules or policies governing driving conduct.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

A copy of any document comprising the "job descriptions", as will be  testified to by Defendant's, as well as anyone employed by Defendant with any regulatory compliance responsibilities, including but not limited, or whoever is currently working at the corporate level to monitor and maintain drivers files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

A copy of any document prepared by or on behalf of Defendant relating to any auditing of Defendant's state or federal regulatory compliance for the last past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

A copy of any document pertaining to injuries and/or fatalities involving Defendant's personnel and/or equipment in or around the date of the accident made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

A copy of any document memorializing conversations between Defendant and any regulatory official regarding whether Defendant must file any official accident or spill reports as a result of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

A copy of any document comprising the driver's pre-trip and post-trip inspections, also known as Vehicle Condition Reports, for any vehicle owned or operated by Defendant or prepared by any employee of Defendant for the period of the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

A copy of any document upon which Defendant will rely in contending that prior to the date of the accident, a commercial drivers license and hazmat endorsement excused Defendant from providing any additional training to its drivers. To the extent that any specific regulation or comment, treatise or publication is relied upon, please provide the cover page, date of publication page, and specific passage in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

A copy of any document reflecting any and all written, verbal and/or electronic communications between Defendant and its Insurance Company pertaining to the necessity of creating a Safety Manual, or the contents of any proposed, draft or revised or edited safety manual.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

A copy of any document comprising the "Company Handbook."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

A copy of any record obtained by the use of any releases provided to Defendant in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

A copy of any documentation showing that Defendant did or did not have editorial or content review over their biographical profile before it was published on the internet as part of the official company's website.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

A copy of the "New Employee File" and "New Employee Forms" maintained by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

A copy of any document, including detailed billing reports, in connection with any cellular telephones, car telephones and/or Nextel hand-held radios used by Defendant and Defendant MARLENE SCOTT BELCHES for the last past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

A copy of any business card and/or related handwritten note either acquired by or written by Defendant's and Defendant MARLENE SCOTT BELCHES at the scene of the accident in question on or about the date in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

A copy of any document that will provide information on the types and amounts of cargo in each compartment on Defendant's truck on the day of the accident made the basis of this lawsuit. This request includes, but is not limited to all loading slips and/or delivery slips and seeks how many compartments were loaded with cargo, which ones were loaded, and how much of each type of cargo was contained in each compartment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**

A copy of any document that will show the types of injuries claimed by Defendant MARLENE SCOTT BELCHES in the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**

A copy of any document relating to any inspections ever done on Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**

A copy of any document that will identify any party other than Defendant and Defendant MARLENE SCOTT BELCHES and or any other trucking company which you believe may have caused or contributed to the accident made the basis of this lawsuit. This request includes, but is not limited to, any notice letters, phone slips or memos that identify any such parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**

A copy of any time record for Defendant MARLENE SCOTT BELCHES for the calendar years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**

All information showing what, if any, background checks or investigation you did on Defendant MARLENE SCOTT BELCHES before you hired him and while he worked for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**

A copy of any document that relate to your net worth for the years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**

A copy of any financial and/or net worth statement prepared by you or on your behalf for the years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**

A copy of any document that will show the entire corporate structure of Defendant and its subsidiaries as of date of the accident to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**

A copy of any document relating to compensation or monies paid by you to Defendant MARLENE SCOTT BELCHES during the calendar years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**

A copy of any service and operation manuals relating to Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**

A copy of any contract and/or agreement you had with any entity for the service and/or maintenance of your fleet. This request includes, but is not limited to, Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**

A copy of any document that relate to any service and/or maintenance on Defendant's truck from 2012 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**

A copy of any safety manual, safety policy, safety procedure, or safety guideline that applied to Defendant MARLENE SCOTT BELCHES at the time of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**

A copy of any document relating to any safety meetings attended by Defendant MARLENE SCOTT BELCHES  from the time he was employed by Defendant. This request includes, but is not limited to, the date of each meeting, topics covered, who conducted the meetings, and who attended the meetings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**

A copy of any Defendant's company policy and procedural manual in effect on the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**
A copy of any document relating to any truck driver training given to Defendant MARLENE SCOTT BELCHES at any time.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**

A copy of any document relating to any safety training given to Defendant MARLENE SCOTT BELCHES at any time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**

A copy of any safety manual used by any of your regional offices or branches.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**

The resume and/or background of Defendant MARLENE SCOTT BELCHES.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**

A copy of any document describing and/or relating to your Manager Drive-Along Program.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**

A copy of any note regarding this accident, whether written or in a computer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**

A copy of any document relating to communications with the Department of Transportation with respect to this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**

A copy of any of Defendant employment files for truck drivers in 2010-2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**

A copy of any company handbook regarding truck safety and safety for its truck drivers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**

A copy of any document that will show the amount of money spent by you on safety and/or safety programs for each fiscal year from 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**

A copy of any document that will show the amount of money spent by you on regulatory compliance and/or regulatory compliance programs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**

A copy of any document relating to injuries and/or fatalities involving Defendant's drivers. This request includes, but is not limited to, all accident reports, accident reports, claims, lawsuits, and investigations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**

A copy of any disciplinary actions taken against Defendant MARLENE SCOTT BELCHES while in your employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**

The "new employee file" that Defendant maintains with respect to Defendant MARLENE SCOTT BELCHES.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**

A copy of any vehicle condition report from the time the truck was purchased and/or leased by Defendant until the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**

A copy of any pre-trip inspection report from the time the truck was purchased and/or leased by Defendant until the date of the accident made the basis of this lawsuit;

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**

A copy of any post-trip inspection report from the time the truck was purchased and/or leased by Defendant until the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**

With respect to any vehicle driven by Defendant MARLENE SCOTT BELCHES from 2012 through the present, including the date of the accident made the basis of this lawsuit, please produce:

     a.     A copy of any vehicle condition report filled out by Defendant MARLENE SCOTT BELCHES;

     b.     A copy of any pre-trip inspection report filled out by Defendant MARLENE SCOTT BELCHES;

     c.     A copy of any post-trip inspection report filled out by Defendant MARLENE SCOTT BELCHES;

     d.     A copy of any document relating in any way to Defendant's manager drive along program.

     e.     A copy of any document relating in any way to the branches use of the manager drive along program.

     f.     A copy of any document relating in any way to Defendant's use of the manager drive along program.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**

A copy of any document relating to the use of the manager drive along program with Defendant MARLENE SCOTT BELCHES.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**

A copy of any document containing the names, home phone numbers, home addresses, business addresses and business phone numbers of all persons who have knowledge of facts relevant to this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**

A copy of any document reflecting any investigation into the accident making the basis of this suit, prior to the date that the Defendant, its agents, servants or employees had good cause to believe that litigation in this matter was forthcoming.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:**

A copy of any document reflecting any investigation into the accident making the basis of this suit that were conducted in the ordinary course of the business of the Defendant, its agents, servants or employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**

A copy of any photograph, video, artists' conception, diagram, or any other form of electronic, photographic, xerographic, video, or audio medium for the recording and transmission of any information pertaining to any facts relevant to this cause.

**RESPONSE:**
**REQUEST FOR PRODUCTION NO. 96:**

A copy of any agreement and/or understanding made or entered into by you with any other party or potential party to this lawsuit, including the terms and provisions of any such agreement or understanding.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:**

A copy of any bill, photograph, and/or estimate of any property damage arising by virtue of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 98:**

A copy of any photograph and/or video of the vehicles involved in the accident that makes the basis of this suit, the accident location, of Plaintiff or Defendant or other item that is material and is likely to lead to the discovery of admissible evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:**

A copy of any document evidencing ownership of Defendant at the time of the accident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 100:**

A copy of any document reflecting the date that Defendant had good cause to believe that litigation in this matter was forthcoming. "Good cause" means having an objective basis for believing that litigation is forthcoming coupled with a subjective manifestation that litigation is forthcoming.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 101:**

A copy of any record or document (medical or non-medical) concerning Defendant MARLENE SCOTT BELCHES indicating that he was or was not using alcohol and or drugs (including prescription or nonprescription, legal or illegal) within twenty-four (24) hours prior to the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 102:**

A copy of any record or document (medical or non-medical) concerning Defendant MARLENE SCOTT BELCHES indicating that he did or did not have alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in the bloodstream or urine at the time of or immediately following the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 103:**

A copy of any document relating to the maintenance and repair history on Defendant's truck for the three years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 104:**

A copy of any document relating in any way to any automotive, body, or mechanical repair to Defendant's truck, or any component thereof, for the three years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 105:**

A copy of any document relating to the tires on Defendant's truck for the three years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 106:**

A copy of any drug, alcohol and/or polygraph test performed on Defendant MARLENE SCOTT BELCHES, in your actual or constructive possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 107:**

A copy of any log book relating in any way to Defendant's truck, for the three years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 108**:

A copy of any document relating to all loads or cargo carried by Defendant MARLENE SCOTT BELCHES at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 109:**

A copy of any document tending to show where Defendant MARLENE SCOTT BELCHES was for the seventy-two hours before the accident making the basis of this suit, whether on the job or off the job.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 110:**

A copy of any document showing Defendant MARLENE SCOTT BELCHES' intended destination at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 111:**

A copy of any document showing how much cargo was loaded onto Defendant's truck, and how much cargo was unloaded from Defendant's truck during the seventy-two hours preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 112:**

A copy of any document that will identify any or all other drivers besides Defendant MARLENE SCOTT BELCHES, who operated Defendant's truck during the twelve months preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 113:**

A copy of any document showing the types and amounts of cargo in each separate compartment of Defendant's truck at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 114:**

A copy of any document showing the capacities of each separate cargo storage compartment on Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 115:**

A copy of any document showing the identity of any potential party, whether it be a business entity or person, not already a party to this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 116:**

A copy of any document identifying the manufacturer of the cargo storage compartments on Defendant's truck at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 117:**

A copy of any document relating to any inspections of Defendant's truck during the twelve months preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 118:**

A copy of any document constituting any notice letters that have been sent by or on behalf of Defendant MARLENE SCOTT BELCHES or Defendant's to any other person or entity, placing such other person or entity on notice of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 119:**

A copy of any document reflecting the hours worked by Defendant MARLENE SCOTT BELCHES for the six months preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 120:**

A copy of any document reflecting all background checks or investigation performed on or about Defendant MARLENE SCOTT BELCHES, at any time before the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 121:**

The corporate tax returns for Defendant for the years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 122:**

A document showing the current corporate hierarchy or organizational chart for Defendant for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 123:**

A copy of any document reflecting all service and/or operation manual relating the Defendant's truck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 124:**

A copy of any contract, agreement, and/or document relating to the service and maintenance of the fleet of Defendant's vehicles for the two years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 125:**

A copy of any contract relating to the purchase of, service and maintenance of Defendant's truck for the two (2) years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 126:**

A copy of any document identifying the other vehicles, (besides) the vehicle involved in this suit, as well as the estimated dates of use and mileage traveled, that Defendant MARLENE SCOTT BELCHES operated for Defendant's during the two years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 127:**

A copy of any computerized document relating to any previous request not already produced from 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 128:**

A copy of any document indicating the number of times Defendant MARLENE SCOTT BELCHES was permitted to drive the truck home, and whether he had permission to drive Defendant's truck home at any time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 129:**

A copy of any settlement sheet for loads hauled by Defendant MARLENE SCOTT BELCHES for Defendant during the period 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 130:**

A copy of any employment agreement between Defendant and Defendant MARLENE SCOTT BELCHES.

**REQUEST FOR PRODUCTION NO. 138:**

A copy of any document corroborating Defendant MARLENE SCOTT BELCHES' route of travel on the day of the accident that made the basis of this action.

**RESPONSE:** `

**REQUEST FOR PRODUCTION NO. 139:**

A copy of any document corroborating Defendant MARLENE SCOTT BELCHES' ingress and egress from Defendant's yard, for the period of 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 140:**

A copy of any trip report, trip envelopes, and all other document relating to individual trips that Defendant MARLENE SCOTT BELCHES made for Defendant's for the period 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 141:**

A copy of any of Defendant's dispatch logs of any kind or character relating to Defendant MARLENE SCOTT BELCHES' for the period of 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 142:**

A copy of any of Defendant MARLENE SCOTT BELCHES' driver record of duty status or Daily Logs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 143:**

A copy of any document reflecting the names, address and telephone numbers of all shops and garages where maintenance or inspection is performed on Defendant's vehicles that regularly operate in and around the State of Texas, for the period 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 144:**

A copy of any report to or by Defendant's to others, of "reportable accidents" as that term is defined in Section 394.3 of the federal Motor Carrier Safety Regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 145:**

A copy of any document reflecting Defendant's procedures for determining:

a.  Communication between Defendant MARLENE SCOTT BELCHES and Defendant's while Defendant was hauling for said company;

b.  when Defendant MARLENE SCOTT BELCHES could sleep on the job;

c.  when Defendant MARLENE SCOTT BELCHES could take company vehicles home, or on personal errands;

d.  monitoring how much cargo Defendant MARLENE SCOTT BELCHES would leave with, and would return with, after he would take company vehicles home.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 146:**

A copy of any document reflecting Defendant MARLENE SCOTT BELCHES or Defendant MARLENE SCOTT BELCHES truck's presence at the Defendant's loading bays, or near that location, as well as date and time of arrival and departure, amount of cargo loaded or unloaded, for the period of 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 147:**

A copy of any dispatch log of any kind or character relating to  Defendant MARLENE SCOTT BELCHES for the period of 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 148:**

Defendant's gross revenues for 2012 through the present.

**RESPONSE:**

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:    SCHNEIDER NATIONAL CARRIERS, INC
       BY SERVING ITS REGISTERED AGENT CT CORPORATION
       1999 BRYAN ST STE 900
       DALLAS TX 75201

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GABRIELA A. MAGNUSSEN,**

Filed in said Court **26th day of June, 2017** against

**MARLENE SCOTT BELCHES AND SCHNEIDER NATIONAL CARRIERS, INC**

For Suit, said suit being numbered **DC-17-07579**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Gay Lane_____ , Deputy
              GAY LANE

---

**ESERVE**

**CITATION**

DC-17-07579

**GABRIELA A MAGNUSSEN,**
vs.
**MARLENE SCOTT BELCHES, et al**

ISSUED THIS
**29th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
GINA GIBLIN
LAW OFFICE OF DOMINGO GARCIA PC
400 S ZANG BLVD SUITE 600
DALLAS TX 75208
214-941-8300

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-07579

Court No.192nd District Court

Style: GABRIELA A MAGNUSSEN,

vs.

MARLENE SCOTT BELCHES, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____, by delivering to the within named

20

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation $ _____

For mileage $ _____ of _____ County, _____

For Notary $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

ESERVE  (COH)

CITATION

No.: DC-17-07579

GABRIELA A MAGNUSSEN,
vs.
MARLENE SCOTT BELCHES, et al

ISSUED
ON THIS THE 29TH DAY OF JUNE, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By GAY LANE, Deputy

Attorney for : Plaintiff
GINA GIBLIN
LAW OFFICE OF DOMINGO GARCIA
PC
400 S ZANG BLVD SUITE 600
DALLAS TX  75208
214) 941-8300

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

---

To:     **MARLENE SCOTT BELCHES**
        **BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
        **PUBLIC TRANSPORTATION COMMISSION**
        **125 E 11TH STREET**
        **AUSTIN, TX, 78701-2483**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **192nd District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GABRIELA A. MAGNUSSEN,**

Filed in said Court 26th day of June, 2017 against
**MARLENE SCOTT BELCHES AND SCHNEIDER NATIONAL CARRIERS, INC**

For suit, said suit being numbered   **DC-17-07579**  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 29th day of June, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

_____By         /s/ Gay Lane _____ , Deputy
                            **GAY LANE**

Cause No. DC-17-07579

Court No: 192nd District Court

Style: GABRIELA A MAGNUSSEN,
vs.
MARLENE SCOTT BELCHES, et al

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20 _____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20 _____ at _____ o'clock _____M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

------000000--------

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.

For Serving Citation    $ _____      Sheriff

For Mileage    $ _____      County of _____

For Notary    $ _____      State of _____

Total Fees    $ _____      By _____

(Must be verified if served outside the State of Texas)

State of _____

County of _____

Signed and sworn to me by the said _____ before me this _____

day of _____, 20 _____, to certify which witness my hand and seal of office.

_____
State & County of

Seal

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:    SCHNEIDER NATIONAL CARRIERS, INC
       BY SERVING ITS REGISTERED AGENT CT CORPORATION
       1999 BRYAN ST STE 900
       DALLAS TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GABRIELA A. MAGNUSSEN**,

Filed in said Court **26th day of June, 2017** against

**MARLENE SCOTT BELCHES AND SCHNEIDER NATIONAL CARRIERS, INC**

For Suit, said suit being numbered **DC-17-07579**, the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas. Given under my hand and the Seal of said Court at office this 29th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                    /s/ Gay Lane

            By_____, Deputy
                    GAY LANE



---

**ESERVE**

**CITATION**

DC-17-07579

---

**GABRIELA A MAGNUSSEN,**
vs.
**MARLENE SCOTT BELCHES, et al**

ISSUED THIS
**29th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

---

**Attorney for Plaintiff**
GINA GIBLIN
LAW OFFICE OF DOMINGO GARCIA PC
400 S ZANG BLVD SUITE 600
DALLAS TX 75208
214-941-8300

---

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## RETURN OF SERVICE

## CAUSE NO. DC-17-07579

STATE OF TEXAS
COUNTY OF DALLAS

     I Todd E. Kettering make the following representations to the 192nd District Court of Dallas County. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct

1.     I an not less than 18 years of age
2.     I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case.
3.     I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.     I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE  20th day of July 2017 at 11:00am
EXECUTED BY DELIVERING TO   Schneider National Carriers, Inc by serving its registered agent CT Corporation
AT  1999 Bryan St. Ste 900  Dallas, Texas  75201
ON the 21st day of July 2017 at 12:05pm
TO THE WITHIN NAMED DEFENDANT A TRUE COPY OF THE  Citation and Original Petition and Request for Disclosure and First Request for Written Discovery to Defendant

Service  $75.00

                                   Todd E. Kettering

Total     $75.00                Texas Supreme Court ID# 9681 exp.053118

BEFORE ME, the undersigned Notary Public on the day personally appeared Todd E. Kettering, known to the person whose name is signed to the above affidavit and sworn to me that the representations in the above affidavit are true and correct.

Given under my hand and seal of office this 25th day of  July  2017

_____   Notary Public in Dallas County State of Texas

FRANK R CLABOUGH
My Commission Expires
March 18, 2018

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

**ESERVE (COH)**

**CITATION**

No.: DC-17-07579

To:    **MARLENE SCOTT BELCHES**
BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND
PUBLIC TRANSPORTATION COMMISSION
125 E 11TH STREET
AUSTIN, TX, 78701-2483

GABRIELA A MAGNUSSEN,
vs.
MARLENE SCOTT BELCHES, et al

**ISSUED**
**ON THIS THE 29TH DAY OF JUNE, 2017**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and petition. a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **192nd District Court**
at 600 Commerce Street, Dallas, Texas 75202.

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **GAY LANE**, Deputy

Said **PLAINTIFF** being **GABRIELA A. MAGNUSSEN**,

Filed in said Court 26th day of June, 2017 against
**MARLENE SCOTT BELCHES AND SCHNEIDER NATIONAL CARRIERS, INC**

Attorney for : Plaintiff
**GINA GIBLIN**
**LAW OFFICE OF DOMINGO GARCIA**
**PC**
**400 S ZANG BLVD SUITE 600**
**DALLAS TX  75208**
**214) 941-8300**

For suit, said suit being numbered    **DC-17-07579**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 29th day of June, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By_____ /s/ Gay Lane
                        **GAY LANE**_____, Deputy

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



Cause No. DC-17-07579

Court No: 192nd District Court

Style: GABRIELA A MAGNUSSEN,
vs.
MARLENE SCOTT BELCHES, et al

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Received this Citation the _____ 20TH _____ day of _____ June _____, 20 17 at 11'00 A o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20 _____, State of _____ o'clock _____.M. Executed at _____, within the County of _____, on the _____ day of _____, 20 _____, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
---------000000---------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| For Serving Citation | $ _____ | Sheriff |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this
day of _____, 20 _____, to certify which witness my hand and seal of office.

Seal                    State & County of _____

## RETURN OF SERVICE

## CAUSE NO.  DC-17-07579

STATE OF TEXAS
COUNTY OF DALLAS

      I Todd E. Kettering make the following representations to the 192nd District Court of Dallas County.  I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct

1.     I an not less than 18 years of age
2.     I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case.
3.     I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.     I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE  20th day of July 2017 at 11:00am
EXECUTED BY DELIVERING TO   Marlene Scott Belches by serving the Chairman of the State Highway and Public Transportation Commission
AT  125 E. 11th Street  Austin, Texas 78701
ON the 24th day of July 2017 at 7:18am by Certified Mail
TO THE WITHIN NAMED DEFENDANT A TRUE COPY OF THE  Citation and Original Petition and Request for Disclosure, First Request for Written Discovery to Defendant and Notice of Intention to take Oral Deposition of Defendant

Service   $75.00

                           Todd E. Kettering
Total    $75.00             Texas Supreme Court ID# 9681 exp.053118

BEFORE ME, the undersigned Notary Public on the day personally appeared Todd E. Kettering, known to the person whose name is signed to the above affidavit and sworn to me that the representations in the above affidavit are true and correct.

Given under my hand and seal of office this _27th_ day of _July_ _____ 2017

_____    Notary Public in Dallas County State of Texas



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Texas Transportation Commission
125 E. 11th Street
Austin, Texas 78701

9590 9402 2681 6351 2071 82

2. Article Number (Transfer from service label)

7016 0910 0000 9955 8169

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Randall Fox*
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Randall Fox    Jul 2 4 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**USPS TRACKING #**

9590 9402 2681 6351 2071 82

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Todd E. Kettering
317 South Ebrite St.
Mesquite, Texas 75149

# USPS Tracking® Results

**Track Another Package +**

Remove ✕

**Tracking Number:** 70160910000099558169

▶                    ▶                    ▶      Delivered

**On Time**
**Updated Delivery Day:** Monday, July 24, 2017 ⓘ
## Product & Tracking Information

**See Available Actions**

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

See tracking for related item: 9590940226816351207182 (/go/TrackConfirmAction?
tLabels=9590940226816351207182)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| July 24, 2017, 7:18 am | Delivered | AUSTIN, TX 78714 |
| | ▲ | |
| Your item was delivered at 7:18 am on July 24, 2017 in AUSTIN, TX 78714. | | |
| July 24, 2017, 6:19 am | Out for Delivery | AUSTIN, TX 78701 |
| July 24, 2017, 6:09 am | Sorting Complete | AUSTIN, TX 78701 |
| July 24, 2017, 4:21 am | Arrived at Unit | AUSTIN, TX 78710 |

See More ⌄

## Available Actions

**Text Updates**                                                        ⌄

**Email Updates**                                                       ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FILED
DALLAS COUNTY
8/8/2017 1:27 PM
FELICIA PITRE
DISTRICT CLERK

Lafonda Sims

SND.8764

## CAUSE NO. DC-17-07579

| | | |
|---|---|---|
| **GABRIELA A. MAGNUSSEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **MARLENE SCOTT BELCHES and** | § | |
| **SCHNEIDER NATIONAL CARRIERS,** | § | |
| **INC.** | § | **192nd JUDICIAL DISTRICT** |

## DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC., AND MARLENE SCOTT BELCHER'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SCHNEIDER NATIONAL CARRIERS, INC. AND MARLENE SCOTT BELCHER (improperly named in this suit),** Defendants named in the above-entitled and numbered cause, and files this, their Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### SECTION 18.091

Defendants invoke Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendants further request the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

## III.
## SECTION 41. 0105

Defendants invoke Section 41.0105 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Defendants further request the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## IV.
## PAID V. INCURRED

Defendants also assert that it is entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred.  Defendants are further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiff's recovery.

## V.
## JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **SCHNEIDER NATIONAL CARRIERS, INC. and MARLENE SCOTT BELCHER** pray that the Plaintiff take nothing by this suit, that Defendants go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ Michael P. Sharp*
_____

**MICHAEL P. SHARP**
State Bar No. 00788857
**JASON A. BURRIS**
State Bar No.  24049591
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel:  972-934-9100
Fax:  972-934-9200
Email:  msharp@feesmith.com
Email:  jburris@feesmith.com

**ATTORNEYS FOR DEFENDANTS SCHNEIDER NATIONAL CARRIERS, INC. AND MARLENE SCOTT BELCHER**

## CERTIFICATE OF SERVICE

This Will Certify that a true and correct copy of the foregoing instrument has this 8th day of August, 2017, been forwarded to all attorneys of record in this cause of action as follows:

*Via Electronic Service*
Gina Giblin
Law Office of Domingo Garcia, P.C.
400 S. Zang Blvd.
6th Floor, Suite 600
Dallas, TX  75208
E-Service:  dallasoffice@dgley.com

*/s/ Michael P. Sharp*
_____
**MICHAEL P. SHARP**